[Civ. No. 2776.   Second Appellate District, Division One.—May 20, 1920.]

## E. G. BORGMEYER, Respondent, v. J. B. SOLOMON, Appellant.

[1] CONTRACTS—ACTION TO RECOVER ARCHITECT'S FEES—EVIDENCE—FINDING.—In this action to recover fees alleged to be due fiom the defendant on a contract for professional services which were rendered by the plaintiff as an architect, notwithstanding the testimony given by the defendant and others tending to prove that the contract of employment was conditioned upon plaintiff's procuring a tenant for the contemplated building, acceptable to the defendant, there was sufficient evidence to support the court's finding of the existence of a contract free from such condition.

[2] ID.—NATURE OF CONTRACT—INSUFFICIENT PLEADING—UNNECESSARY FINDING.—In such an action, where affirmative matters stated in the answer are not sufficient to present the defense that there was a conditional contract, such matters being pleaded only as a part of the defense that there was no contract of employment whatever, a specific finding as to whether the contract was a conditional one is not necessary.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Russ Avery, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Philip Cohen and Walter F. McEntire for Respondent.

CONREY, P. J.—This action was brought by the plaintiff to recover fees alleged to be due to him from the defendant on a contract for professional services which were rendered by the plaintiff as an architect. [1] It was found by the court that the defendant employed the plaintiff as such architect to prepare plans and specifications for the erection of a hotel building at a described location in the city of Los Angeles, and agreed to pay therefor the sum of nine hundred dollars, which sum was to cover the cost of superintending the erection and construction of the building; also that the plaintiff prepared plans and specifications, as required by the defendant, and has at all times been ready,

willing, and able to perform the services of superintending the erection and construction of the said building, but the defendant has refused and still refuses to erect and construct said hotel building in accordance with the plans and specifications prepared by the plaintiff, and has refused to pay, etc. Judgment was rendered in favor of the plaintiff, and the defendant appeals therefrom.

Appellant contends that the findings above mentioned are not sustained by the evidence. In support of his contention that the evidence is not sufficient to establish the contract of employment on the terms stated in the complaint and found by the court, appellant insists that the evidence without conflict shows that the contract of employment was conditioned upon plaintiff procuring a tenant for the contemplated building, acceptable to the defendant. While an examination of the record shows that there was testimony given by the defendant and others tending to prove that the contract of employment was conditional, as above stated, yet such evidence was not without conflict. On the contrary, there is evidence strongly tending to show that the contract was free from such condition. This evidence showed, among other things, that the plaintiff was introduced to the defendant by one Seigel, a contractor, and that the plaintiff told the defendant that if defendant was willing to take a little less rent than he was proposing to demand, plaintiff was sure he could get him a tenant; that very promptly thereafter the plaintiff, through an agent, obtained the name of a prospective tenant and informed defendant that he had a tenant for the hotel; that this tenant, one Mrs. Verhaar, is the same person who afterward became the tenant of defendant's building after it had been constructed by the defendant on plans prepared by an architect other than the plaintiff; that shortly after plaintiff's first conversation with defendant an interview took place between plaintiff and defendant and Mrs. Verhaar, at which time Mrs. Verhaar stated that she would take the house if the plans suited her, but would not sign the agreement until the plans were completed; that the plaintiff prepared the plans and completed them about four weeks after the time of said interview at which Mrs. Verhaar was present; that during these four weeks the defendant and the contractor were present at the plaintiff's office many times, examining the plans and mak-

ing suggestions concerning the same; that before the plans were prepared the defendant directed the plaintiff to go ahead with their preparation and promised to pay fees amounting to three per cent of the cost of the proposed building, such cost being estimated at thirty thousand dollars. The testimony of the witnesses indicates that in their preliminary negotiations the defendant was influenced by the prospect that the plaintiff might aid him in procuring a tenant for the proposed building and that such probable tenant had been found. But this testimony was not compelling upon the court to find that the procuring of such tenant entered into and became a part of the actual employment of the architect to prepare the plans and specifications. After those plans and specifications had been completed, the defendant refused to proceed according to those plans and specifications, or to avail himself further of the services of the plaintiff. No reason or excuse for such refusal appears in the record; although it does appear that the defendant, with the assistance of other architects, erected a hotel building at the proposed location and that Mrs. Verhaar became the tenant thereof.

Being satisfied with the court's finding of an unconditional contract, we need not discuss the second point of appellant, which is that, assuming that plaintiff was bound to procure a tenant, he did not comply with that condition.

[2] Finally, appellant contends that the court "failed to find on the material issue raised by the answer that the contract was a conditional one," and that the judgment should be reversed for that reason. The affirmative matters stated in the answer and to which this argument is directed are, in fact, not sufficient to present the defense that there was a conditional contract. On the contrary, those matters were pleaded only as a part of the defense that there was no contract of employment whatever. The affirmative matters in question stated that the plaintiff made a proposition to the defendant concerning a lease to be made to a prospective tenant to be produced by the plaintiff and proposed that plaintiff act as architect in making the plans and superintending the construction of such building; and then alleges that no agreement was made with the plaintiff by the defendant for the drafting of plans or specifications of said building, or the supervision of the construction of the same,

and that such plans as the plaintiff did prepare were prepared wholly and solely at his own instance, and not on request of defendant or pursuant to any employment by the defendant. It thus appears that the answer did not set up a conditional contract or make the defense that the plaintiff had not complied with the conditions required of him thereby. This being so, the affirmative matters stated were merely of an evidentiary nature in connection with defendant's denial that he made any contract with the plaintiff. As to matters so pleaded in the answer specific findings were not necessary.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 19, 1920.

All the Justices concurred, except Wilbur, J., and Lennon, J., who were absent.